UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION
Case No.:

**JARED LERNER**,

    Plaintiff,

v.

**UNITED STATES OF AMERICA,**

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

1.    Plaintiff, **JARED LERNER**, by and through his undersigned counsel, sues the Defendant, **UNITED STATES OF AMERICA**, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, seeks compensatory damages from Defendant, **UNITED STATES OF AMERICA's**, negligence and other wrongful acts, that resulted in Plaintiff's injury and damages.

## COMPLAINT FOR DAMAGES

2.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, in that this action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendant acting under color of federal law.  This Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b), in that this is a claim against the Defendant, **UNITED STATES OF AMERICA**, for money damages, accruing on or after June 6, 2019 for personal injuries caused to Plaintiff, **JARED LERNER**, as a direct and proximate result of the negligent and wrongful acts and/or omissions of **SAMANTHA PADGET**, an employee, officer, agent, representative and/r apparent agent of the **UNTIED STATES OF AMERICA** while acting within the course and scope of her office or employment/agency, under

the circumstances where the Defendant, **UNITED STATES OF AMERICA**, if a private person, would be liable to Plaintiff.

3. Jurisdiction founded upon federal law is proper, in that this action is premised upon federal causes of action under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2671, *et. seq.*

4. Pursuant to the FTCA, 28 U.S.C. § 2671, *et. seq.,* on June 28, 2019 Plaintiff, JARED LERNER, presented his FTCA administrative claim to the appropriate federal agency, the Bureau of Alcohol, Tobacco, Firearms & Explosives (hereinafter "ATF).

5. This action is timely pursuant to 28 U.S.C.§ 2401(b), in that it was presented to the appropriate Federal agency within two years after the claim accrued.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391 (c), as Defendant does business in this judicial district and the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

7. On June 6, 2019 and at all times material hereto, Plaintiff, **JARED LERNER**, was a resident of Broward County, Florida.

8. At all times material hereto, **SAMANTHA PADGET**, was acting in her official capacity on behalf of ATF, in service of the **UNITED STATES OF AMERICA** Government.

9. Defendant, **UNITED STATES OF AMERICA**, is subject to suit for the personal injuries caused to Plaintiff, **JARED LERNER**, as a result of the negligent and wrongful acts and/or omissions of its employee, **SAMANTHA PADGET**, while acting within the course and scope of her office or employment with the **UNITED STATES OF AMERICA**, under the circumstance where the Defendant, **UNITED STATES OF AMERICA**, if a private person,

would be liable to Plaintiff, **JARED LERNER**, pursuant to FTCA.

10. At all times material hereto, Defendant, **UNITED STATES OF AMERICA**, was responsible for the hiring, retention, supervision, training, and coordination of its employees, officers, and/or agents, including but not limited to, **SAMANTHA PADGET**, who were acting on behalf of ATF in an official capacity.

11. At all times material hereto, Defendant, **UNITED STATES OF AMERICA**, is vicariously liable for the negligence of its employee, agent, apparent agent, servant, and/or representative, **SAMANTHA PADGET**, pursuant to the doctrine of *respondeat superior*.

## FACTUAL ALLEGATIONS

12. On or about June 6, 2019, at approximately 9:28 PM, employee, officer, agent, apparent agent, servant, and/or representative of the Defendant, **UNITED STATES OF AMERICA, SAMANTHA PADGET**, while acting within the course and scope of her office, agency, and/or employment with the Defendant, **UNITED STATES OF AMERICA**, operated a 2015 Chrysler motor vehicle, **VIN 1C4RJFAG6FC672641**, traveling westbound on West Hallandale Beach Boulevard, in Hallandale Beach, Broward County, Florida.

13. At the above time and place, **SAMANTHA PADGET**, negligently operated and/or maintained the motor vehicle which she was driving, as to collide with the motor vehicle in which Plaintiff, **JARED LERNER**, was operating (hereinafter "the incident").

14. As a result of the incident, Plaintiff, **JARED LERNER**, sustained serious permanent injuries.

**COUNT I – NEGLIGENCE AGAINST UNITED STATES OF AMERICA (VICARIOUS LIABILITY)**

The Plaintiff, **JARED LERNER**, re-affirms and re-alleges each of the allegations contained in paragraphs 1 through 14, as if they were fully and completely set forth herein, and

further would allege as follows:

15. That at all times material hereto while driving the aforementioned 2015 Chrysler motor vehicle while acting within the course and scope of her office, agency, and/or employment with the Defendant, **UNITED STATES OF AMERICA**, **SAMANTHA PADGET** did so operate the motor vehicle in a negligent manner which caused the incident.

16. As the employer, principal, and/or master of **SAMANTHA PADGET**, Defendant, **UNITED STATES OF AMERICA**, is vicariously liable for the negligence **of SAMANTHA PADGET** under the doctrine or *respondeat superior.*

17. As a direct and proximate result of the negligence of SAMANTHA PADGET, as plead herein, Plaintiff, JARED LERNER was injured in and around his body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; suffered the loss of income in the past and will do so in the future; suffered loss for the capacity for the enjoyment of life; and/or incurred medical expenses for the care and treatment of his injuries. Said injuries are permanent and are continuing in nature, and the Plaintiff will continue to suffer these losses and impairments in the future.

## **PRAYER FOR RELIEF**

18. WHEREFORE, Plaintiff, **JARED LERNER**, demands judgment against Defendant, **UNITED STATES OF AMERICA**, as follows:

   a. The sum of $500,000.00;
   b. Costs of suit;
   c. Post-Judgment Interest;
   d. Such other relief as the Court may deem just and proper.

## DEMAND TRIAL BY JURY

Plaintiff, JARED LERNER, additionally demands a trial by jury for all issues and upon all matters so triable as a matter of right.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 28, 2021, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing documents is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF or is some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**FENSTERSHEIB LAW GROUP, P.A.**
520 West Hallandale Beach Blvd.
Hallandale Beach, Florida 33009
Telephone:  (954) 456-2488
Facsimile:   (954) 867-1844

**/s/ Jason R. Manocchio**
Jason R. Manocchio, Esquire
Florida Bar No: 92477
Primary: Jason@fenstersheib.com
Secondary: jm-pleadings@fenstersheib.com